## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Karen Klyman,
      Plaintiff

v.

State of Florida,
Bruce L. Bartlett,
Theodora C. Komninos,
      Defendants

Civil Action No. _____

8:21-cv-1408-WFJ-CPT

## **COMPLAINT**

### **PARTIES**

1. Bruce L. Bartlett is Florida acting state attorney for the Sixth Judicial Circuit, the branch of the State doing the prosecuting.

2. Theodora C. Komninos is the Pinellas county court judge assigned to three traffic citations involved in this case, her signature shown on Exhibit 4.

3. Plaintiff is licensed out-of-state.

4. The State is prosecuting the three citations - all which do not list a trial court as in Fla. R. Crim. P. 3.125(g)(6) - and the court though county in nature is a *state* court that apparently is provided some federal funding.

### **JURISDICTION**

5. Federal questions and plaintiff challenges state officials' action on federal grounds and is seeking prospective injunctive relief. The underlying cases have made the round to 2DCA, circuit court, and

1

county court (Exhibits 16, 7-10).

## COUNT 1
## TITLE II ADA VIOLATIONS

6. All paragraphs in each count are meant to go with and support *each* count.

7. I am ailing with health problems covered by the ADA.

8. I allege the State of Florida prosecuting three traffic citations which all list a court that does not try the alleged offenses (Exhibit 1) as required in Florida Rules of Criminal Procedure, thus requiring me to attend multiple courts (Exhibit 2B), making it even more challenging for me is violative of the ADA.

9. I allege not considering and not excusing a missed court date due to ADA-covered health problems and resetting the court date violated the ADA.

10. For almost three years my one miss in a new and different court out of multiple pre-trial appearances already attended has not been excused, causing me much extra effort to try to see that that happens.

11. Even with a written waived appearance (Exhibit 6), I am apparently being required to appear in person and subject myself (and my remaining health) to potential arrest and detention for more than I can afford (Exhibit 4) on limited income for the court miss.

12. The capias is not lawfully issued (Exhibit 4) as it is based off of a *forced* signed notice (Fla. R. Crim. P. 3.125(h) If a person signs..") with no court date and time (Fla. R. Crim. P. 3.125(g)(5)) (Exhibit 2B). All three citations do not show a trial court that tries the alleged offense/s; one citation

defendant copy does not have court date and time (Exhibit 1).

13. On June 26, 2018 I was *not allowed to leave the courtroom* until I signed the combination form that is Exhibit 2 that contains a plea form, a notice of pre-trial, selections for court reporter, attorney, jury trial.

14. For the court to make good on the capias (Exhibit 4) and threat of arrest on my person if I appear in person is unfair, unlawful, and the duress of just the threat – detrimental to my health.

15. I should not be subject to detrimental effects on my health for asserting my rights. That is not a fair trade-off.

16. Is it fair to even detain and require a second degree misdemeanor defendant to sign agreement to capias consequences (Exhibit 2B)? An out-of-state licensed one at that.

17. It is shocking to my mind if an arrest could lawfully take place in these circumstances.

18. What would be the purpose of it? Would it ensure that I always feel well enough to attend court? To obtain monies from me? To penalize me for having health problems?

19. I believe the ADA ought to protect me from arrest and that a decision on whether I had good cause for the ADA-covered miss is essential due process <u>PRIOR</u> <u>TO</u> attempting to separating me from my liberty. My good cause is in the record (Exhibit 6), yet the threat of immediate arrest is real. This I believe violates the ADA.

20. I opposed the *ongoing* threat of arrest in these simple-sounding three

traffic cases much less the actual issuance of capias (Exhibit 4).

21. Not honoring my waiver of appearance (Exhibit 6A) is also a violation of the ADA as it is certainly better for my health to *not* be present in person.

22. I offered to appear telephonically and did not receive a response.

23. I allege the no response to appear telephonically is discriminatory.

24. I previously asked to be free of capias consequences and a judge set an appearance to be called a "status check". The court demonstrated capias consequences were not necessary to further the traffic cases along (Exhibit 6B).

25. I did not submit an application for counsel or a fee for counsel (Exhibits 3, 14) and the public defender as an entity claims to represent my cases but admits no attorney is assigned which means there is no attorney to be held accountable for the cases. No attorney has ever officially entered into the cases. A provisional order was made temporarily appointing the public defender while the application was being reviewed, but since no application was submitted for review, my three traffic cases should not be associated with that office. The public defender has not been assisting me, has not been communicating with me in writing, and has done nothing to divest itself of my cases. It has interfered rather with my cases and made more work for me to be free of them - all while I am ailing. This too I claim is violative of the ADA.

26. These things have obstructed and made it more difficult to obtain justice.

27. Without a private attorney in place and without a public defender attorney

by current state law in place, for my physical presence to be demanded

with a written waiver of appearance in place when I am subject to arrest

(Exhibit 4) for an ADA-covered court appearance miss for a supposed

Florida-style *Faretta* inquiry that must be passed before it will be

acknowledged that I am self-representing.. is wrong and constitutes more

hurdles for myself.

28.   I allege that too violates the ADA.

29.   Allowing a provisional order (Exhibit 3) to -- not time out -- but to have

effect for almost three years has worked in my Pinellas county court traffic

cases to create more hurdles for me.

30.   I allege it violates the ADA.

31.   Was it or was it not a good cause miss?

32.   Should capias consequences have been attached to the miss (Exhibits 2B,

4, 5)?

33.   Is attaching capias consequences to the miss discriminatory?

34.   I allege that it is.

## COUNT 2
## VIOLATION OF THE REHABILITATION ACT

35.   I believe Pinellas County Court receives federal funds.

36.   Defendant Judge Komninos' refusing to accept disabling symptoms as good

cause for I believe a sixth pre-trial appearance on second degree

misdemeanor traffic citations and instead allow warrants for my arrest to

remain is discriminatory.

37.   All the allegations above are to be counted here as well.

## COUNT 3
## INJUNCTIVE RELIEF

38.   Plaintiff requests defendant judge be restrained from threatening arrest.

39.   Plaintiff requests defendants be restrained from violating due process.

40.   Plaintiff requests defendants be restrained from requiring my physical presence in Pinellas County Court when (a) other state county court/s do not require physical presence to lift capias and (b) appearance is waived in writing filed August 13, 2018.

41.   Plaintiff requests State and state actor defendant Bartlett be restrained from prosecuting against plaintiff.

42.   Plaintiff requests State and state actor defendant Bartlett be restrained from prosecuting citations without court that tries the alleged offense provided on defendant copy against plaintiff.

43.   Plaintiff requests State and state actor defendant Bartlett be restrained from prosecuting citations for alleged offense of Fla. Stat. § 320.02(1) and enforcing Fla. Stat. § 320.02(1) against out-of-state defendant that appears exempt (Exhibit 12).

44.   Plaintiff requests defendants be restrained from violating federal constitutional rights including due process, privileges and immunites.

## COUNT 4
## DECLARATORY RELIEF

45.   Plaintiff requests defendant judge's threat of arrest (with no due process beforehand (Exhibits 2B, 4)) for disabling symptoms-missed court date declared discriminatory, violative of due process, and unconstitutional.

46.   Plaintiff requests defendant judge's failure to rule on Exhibit 6 for two years and ten months be declared violative of due process, unconstitutional, and discriminatory.

47.   Plaintiff requests prosecuting citations not listing a trial court be declared as violative of due process and unconstitutional.

48.   Plaintiff requests requiring defendant to be present to lift capias when other state county court/s do not be declared violative of due process, equal protection, privileges and immunities, and unconstitutional.

49.   Plaintiff requests being detained in court and required to sign to capias consequences in a second degree misdemeanor traffic case with no simultaneous notice they can waive their appearance and still show up for court thereby bypassing capias be declared violative of due process and unconstitutional.

50.   Plaintiff requests being detained in court and required to sign to capias consequences in a second degree misdemeanor traffic case in which the State has freely said through attorney that it would reduce charge/s to their civil counterparts, be declared violative of due process and unconstitutional.

51.   Plaintiff requests being assumed represented and the provisional order (Exhibit 3) is legitimately in effect years later (Exhibit 10) when no application for counsel (Exhibit 14) was submitted and no attorney entered into the cases by formal notice to all (including the supposed represented) filed into the cases themselves be declared violative of the right to self-

representation, due process, and equal protection and thereby unconstitutional.

52. Declare the fees to be determined indigent (Exhibits 13 & 14) unconstitutional.

53. Declare the fee assessed (Exhibit 5) for a court miss due to disabling symptoms discriminatory, unconstitutional, and violative of fair debt collection practices.

54. Declare the labeling and publishing on the internet a delinquency notice (Exhibit 5) the day an alleged debt is incurred prejudicial, unlawful, unconstitutional.

55. Declare a fee based on a forced capias agreement unconstitutional. (Exhibits 2B & 5)

56. Declare a 478-day delay by the clerk in assigning a circuit court case number (Exhibit 9) after an order to transfer the case (Exhibit 8) that should have happened on the same day unconstitutional delay and obstructive of justice.

57. Declare the combination form (Exhibit 2) and the requirement to sign it unconstitutional.

**OTHER RELIEF**

58. Plaintiff requests all relief just and proper.

Mailed this eighth day of June, 2021.

Karen Klyman
General Delivery
Asheville, NC 28802

EXHIBITS

1....2018  May 8 citation defendant copy does **not** show court date or court time, showing **court that does not try** this case, court **copy** shows court date and time in handwriting

2....2018  June 26 not guilty plea / signed notice to appear with no court date or court time combination form

3....2018  June 26 provisional appointment order **contingent upon** submission and approval of application for counsel and fee

4....2018  July 30 capias order with no signed notice to appear with court date and time in place

5....2018  July 30 published delinquent notice on **same day** alleged debt incurred

6....2018  August 13 part of Emergency Motion with Fla. Stat. § 27.40(9) notice to judge

7....2018  September 19-filed Motion for Stay in the county court

8....2018  October 24-stamped receipt by Pinellas County court clerk of Second District Court of Appeal order to transfer

9....2020  February 14 when Pinellas County clerk Ken Burke made the transfer 478 days (over one year and three months) later, **what should have been a same-day transfer ON October 24, 2018**

10....2020  April 6-filed circuit order 526 days after the Second District Court of Appeal ordered it transferred to circuit court – prejudicial delay

11....example of appellate court not dismissing because a defendant is *thought* to be represented, but ordering the trial court to rule! the Grantley case

12....Florida Attorney General opinion

13....Florida 'application' for determination of civil indigent status

14....Florida 'application' for criminal indigent status

15....U.S. Supreme Court affidavit to proceed *in forma pauperis* (a lesson in how it should be)

16....a visual of the circumstances

17....mapping of constitutional violations

* items of interest are shown with my comments, some information has been redacted

THIS CITATION AS DELIVERED TO ME, THE DEFENDANT, SHOWED NO COURT DATE AND NO COURT TIME, **AND** NO COURT THAT TRIED THE ALLEGED OFFENSE - VIOLATIVE OF:

Fla. R. Crim. P. 3.125(g) "*Contents. If notice to appear is issued, it shall contain the:*" (emphasis added)
"*(5) time and place that the accused is to appear in court;*"
and Fla. R. Crim. P. 3.125(g)(6)
"*(6) name and address of the trial court having jurisdiction to try the offense(s) charged;*" (emphasis added)

[citation form image]

NO MOTOR VEHICLE REGISTRATION - SEE 320.37 FOR OU

SECTION 320.02(1)

A9XPU0E

COURT INFORMATION
NORTH COUNTY TRAFFIC COURT
29582 U.S. 19 NORTH
CLEARWATER, FL 33761

JEFF MARTIN   56124

CASE # SO18-139589   GRID: 201   SPIN: 02359724

THE NORTH COUNTY TRAFFIC COURT DOES **NOT TRY** CASES LIKE MINE. THEY TRANSFER 'NOT GUILTY' CASES TO THE MAIN COURT ON 49TH STREET IN CLEARWATER. I ATTENDED THE GUILTY-TYPE PLEADINGS ONLY COURT, THE NORTH COUNTY COURT, **FIVE TIMES** BEFORE MY TRAFFIC CASES WERE *TRANSFERRED* TO A COURT THAT ACTUALLY TRIES THOSE CASES. DURING MY TIME IN THE GUILTY COURT I WAS MADE TO SIT WITH A GUILTY PLEA FORM PRE-FILLED OUT BY THE COURT WITH MY INFORMATION. I WAS ALSO MADE TO SIGN TO GREATER THAN STATUTORY MAXIMUM PENALTIES AS PART OF PLEADING NOT GUILTY. ALL THREE CITATIONS SHOW THE NORTH COUNTY COURT. ALL THREE CITATIONS **DO NOT** SHOW A COURT THAT WILL TRY THE CASES AND FOR THIS REASON ALONE SHOULD BE DISMISSED AND NO CAPIAS CAN BE LAWFULLY FOUNDED ON THEM.

1A

THE **COURT VERSION** OF THE CITATION SHOWS A *HANDWRITTEN* COURT DATE AND COURT TIME **AND IS DIFFERENT THAN** THE DEFENDANT VERSION OF THE CITATION, VIOLATIVE OF:

Fla. R. Crim. P. 3.125 "**NOTICE TO APPEAR**"
"*(d)*  **How and when served.** *If notice to appear is issued, it **shall** be prepared in* **quardruplicate.** *The officer **shall** deliver 1* **copy** *of the notice to appear to the arrested person and the person, to secure release, shall give a written promise to appear in court by signing the 3* **remaining copies**: *1 to be retained by the officer and 2 to be filed with the clerk of court. These 2* **copies** *shall be sworn to by the arresting officer before a notary public or a deputy clerk*" (emphasis added)

| | | |
|---|---|---|
| ☐ VIOLATION OF RIGHT-OF-WAY | ☐ SUSPENDED OR REVOKED | ☐ DRIVING UNDER THE INFLUENCE |
| ☐ IMPROPER PASSING | | ☐ PASSENGER UNDER 18 YRS. |

OTHER VIOLATIONS OR COMMENTS PERTAINING TO OFFENSE
NO MOTOR VEHICLE REGISTRATION - SEE 320.37 FOR OU...

RE-EXAM ☐ YES ☒ NO
Bly SEIZED ☐ YES ☒ NO

☐ AGGRESSIVE DRIVING  IN VIOLATION OF STATE STATUTE    SECTION **320.02(1)**  SUB SECTION

CRASH ☐ YES ☒ NO   PROPERTY DAMAGE ☐ YES **0** ☒ NO   INJURY TO ANOTHER ☐ YES ☒ NO   SERIOUS BODILY INJURY TO ANOTHER ☐ YES ☒ NO   FATAL ☐ YES ☒ NO

☒ CRIMINAL VIOLATION COURT APPEARANCE REQUIRED AS INDICATED BELOW
☐ INFRACTION COURT APPEARANCE REQUIRED AS INDICATED BELOW
☐ INFRACTION WHICH DOES NOT REQUIRE APPEARANCE IN COURT.
CIVIL PENALTY IS _____

**A9XPU0E**

COURT INFORMATION   DATE **5-30-18**   TIME **0830**
**NORTH COUNTY TRAFFIC COURT**   COURT
**29582 U.S. 19 NORTH**   LOCATION
**CLEARWATER, FL 33761**

ARREST DELIVERED TO _____   DATE _____

I AGREE AND PROMISE TO COMPLY AND ANSWER TO THE CHARGES AND INSTRUCTIONS SPECIFIED IN THIS CITATION. WILLFUL REFUSAL TO ACCEPT AND SIGN THIS CITATION MAY RESULT IN ARREST. I UNDERSTAND MY SIGNATURE IS NOT AN ADMISSION OF GUILT OR WAIVER OF RIGHTS. IF YOU NEED REASONABLE FACILITY ACCOMMODATIONS TO COMPLY WITH THIS CITATION, CONTACT THE CLERK OF THE COURT.

X SIGNATURE OF VIOLATOR (SIGNATURE IS REQUIRED IF INFRACTION REQUIRES APPEARANCE IN COURT)

**JEFF MARTIN**   **56124**
RANK - NAME OF OFFICER   BADGE NO   ID NO   TROOP UNIT
☒ I CERTIFY THIS CITATION WAS DELIVERED TO THE PERSON CITED ABOVE AND CERTIFY THE CHARGES ABOVE
HSMV 75001 (Rev. 07/12)

**CASE # SO18-139589    GRID: 201    SPIN: 02359724**

THE OFFICER IS REQUIRED TO PROVIDE TRUE COPIES TO THE COURT. WHEN DID THE HANDWRITING APPEAR ON THE CITATION? IS IT THE OFFICER'S HANDWRITING? WHEN WAS THE CITATION PROVIDED TO THE CLERK?

**1B**

# COUNTY COURT, PINELLAS COUNTY, FLORIDA
## TRAFFIC DIVISION

THE SIGNATURE **FOR A PLEA** SHOULD **NOT** BE ABLE TO BE USED BY PINELLAS COUNTY AS AN AGREEMENT IN SECOND DEGREE MISDEMEANOR CASES FOR AN OUT-OF-STATE DEFENDANT TO BE SUBJECT TO CAPIAS FOR A GOOD CAUSE-MISSED APPEARANCE!

**UCN (s)**

**Ref No.(s)**
**A88EP9E**
**A88EPAE**
**A9XPUOE**

**STATE OF FLORIDA**

VS.

**KAREN KLYMAN**
**PERSON ID:**

THERE IS NO LAWFUL WAY THAT THE COURT CAN REQUIRE A DEFENDANT TO AGREE TO EXTRA-STATUTORY MAXIMUM PENALTIES IN ORDER TO PLEAD NOT GUILTY AND PREDICATE ACCEPTANCE OF THE NOT GUILTY PLEA ON SIGNING A DUE PROCESS-DEFICIENT CAPIAS AGREEMENT.

Charge(s) :

WHY DOES A DEFENDANT HAVE TO MAKE A 'REQUEST FOR TRIAL'? IS THAT NOT UNDERSTOOD?

**OPERATE AN UNREGISTERED MOTOR VEHICLE | ATTACHING UNAUTHORIZED TAG | OPERATE AN UNREGISTERED MOTOR VEHICLE |**

IT SHOULD BE A PLEA FORM WITH 3 CHOICES, NOTHING ELSE. NO EXTRA-STATUTORY PENALTIES NO FORCED 'READY FOR TRIAL', ...

# PLEA OF NOT GUILTY AND REQUEST FOR TRIAL

I, the above defendant, acknowledge service upon me of citation(s) charging me with the above stated violation(s) and desire to enter my plea of Not Guilty, and request trial as indicated in the checked spaces(s) below. I DID NOT CHECK THE BOXES

**I UNDERSTAND THAT I HAVE THE FOLLOWING RIGHTS:** DOES THE **DEFENDANT** HAVE THESE CHOICES - OR NOT?

1. Right to a speedy and public trial. WAIVING SPEEDY DOES NOT = AGREEING TO UNCONST. DELAY.
2. Right to trial by jury.
3. Right to be represented by a lawyer of my own choosing at my own cost.
4. Right to have the Court appoint a lawyer for me if I am unable to afford one upon proving I am completely or partially insolvent. THEY FAIL TO DISCLOSE "AT MY OWN COST" HERE ALSO
5. Right to have witnesses subpoenaed to testify on my behalf.
6. Right to have a court reporter present to record trial proceedings.

600% greater than statutory maximum imprisonment! | 1,000% greater than statutory maximum fine!

I understand that if I am convicted, a jail sentence and/or fine, or both may be imposed upon me, and the range of allowable punishment in this court for the charges individually is 0 – 1year in jail, a fine of $0 - $5,000.00, or both.

**I DO HEREBY: (CHECK APPROPRIATE BOX OR BOXES)**

| | |
|---|---|
| | Waive right to trial by **Jury** and consent to trial by Judge without Jury. NOT DISCUSSED |
| X | **Request Trial by Jury** NOT DISCUSSED  NO COUNSEL APPLICATION OR FEE WAS (a) SUBMITTED OR (b) APPROVED. |
| X | **Claim insolvency and request Court to appoint a lawyer to represent me.** NOT IF NOT AS FREE AS A PRIVATE ATTORNEY TO DISCHARGE |
| | Agree to furnish my own lawyer at my cost. |
| | Waive my right to a lawyer. |
| | I desire issuance of witness subpoenas. NOT DISCUSSED |
| | Request presence of court reporter to record trial proceedings. |
| | Waive right to court reporter to record trial proceedings. NOT DISCUSSED |

NO CHOICE TO SELF-REPRESENT. IT IS 'CLOTHED' IN WAIVING RIGHT TO A LAWYER FOR WHAT LOOKS LIKE IT CAN MEAN **THROUGHOUT** PROCEEDINGS - ALL TO ENTER ONE OF THREE POSSIBLE PLEAS.

NOT DISCUSSED  The form makes it an **affirmative** OPT-IN either way!

I hereby certify my address below is correct and will advise the Court in writing of any change in such address within three (3) days of such change. No it isn't. That is in NO way a MAILING address and this is NOT an address correction form!

I hereby acknowledge receipt of a copy of this form, including notice of pretrial set out on attached page.

**2A**

PART OF THE NOTICE TO APPEAR: "THE COMBINATION FORM"
ICD-NGPLEA_CRIMINAL.-TRAFFIC | 22927365 | LIKELY USED IN MANY CASES

TRF 06/26/18 1:30 PM NCT - MOTIONS

DEFENDANT'S NAME
KAREN KLYMAN

UCN (s)
████████████
████████████

Ref No.(s)
A88EP9E A88EPAE
A9XPUOE

> a defendant does **not** have to be 'ready to go' to trial at a pre-trial hearing or be made to agree to such!

> *THIS* COURT NOTICE does NOT provide DUE PROCESS-REQUIRED court date and court time.

## NOTICE OF PRE-TRIAL

To the above named defendant: You are hereby notified that your case has been set for pre-trial on:

> on... when?
> no date.
> no time.

Location:
Pinellas County Justice Center
14250 49th Street North
Clearwater, Florida, 33762
Division
727-464-7000.

> NO DATE AND TIME SPECIFIED. IF THEY ARE NOT SPECIFIED, THAT ALONE IS REASON IT IS NOT A BINDING, FORCED 'CAPIAS AGREEMENT'.

> not proper notice. not legally sufficient notice. not a capias notice when a summons will do. not sufficient as a 'court directive' on which to base a *delinquency* fee.

You are hereby required to be present at the date, time and location specified and ready to go to trial. If you have posted bond, your bond is now returnable at such time, date and place. You are further notified that attorney's fees and mandatory and discretionary costs may be imposed against you. If you are requesting appointment of a Public Defender, you must bring a $50.00 fee to this hearing. If you fail to appear as required by this court notice, a warrant will be issued for your arrest, and your release on recognizance (ROR) will be revoked or your surety or cash bond will be estreated. If you are charged with Driving Under the Influence, transportation arrangements should be made from any court proceeding in which the court may take action.

**Fine/Costs must be paid at the time of sentencing.** If you are unable to pay, you must enter into a financial obligation agreement with the Clerk. Failure to pay or enter into a financial obligation agreement will result in the suspension of your driver's license and additional penalties will be assessed.

Defendant's Signature
Address:
████████████████

Defendant's Phone Number

> This unconstitutional 'agreement' attempt is null and void as is *anything* that depends upon it like a capias order or a fee, fine, penalty, D6. Any attempt to allege it is owed violates the FCCPA, Fla. Stat. §§ 559.55 to 559.785.

Attorney for Defendant
Address:

Attorney's Phone Number

**Ken Burke - Clerk of the Circuit Court and Comptroller**

By:
_____
Deputy Clerk

Date: **June 26, 2018**

If you need a foreign language interpreter for this hearing, please call (727) 582-7440 or (727) 453-7088. Si usted necesita un interprete el dia de su cita en la corte, favor de llamar al (727) 582-7440 o (727) 453-7088.

CC:   **Defendant**

State Attorney's Office
Attorney(s)
PUBLIC DEFENDER'S OFFICE

> NO ATTORNEY WAS ENTERED IN RECORD. AN 'OFFICE' IS **NOT** AN ATTORNEY SUBJECT TO THE BAR. NO ATTORNEY ASSISTED ME. WHY WOULDN'T AN ATTORNEY APPEAR FOR ENTERING A PLEA?

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of Human Rights, 400 S. Ft. Harrison Avenue, 5th Floor, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

> Fla. R. Crim. P. 3.125(h) why a signature is required to issue capias:
> *(h) Failure to Appear. If a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued under rule 3.121.*
> *THE CAPIAS WAS FOUNDED ON THE FORCED SIGNATURE HERE ON THE COURT'S COPY.*

**2B**

KAREN KLYMAN
████████████████

> if the clerk took the liberty or pre-filling the form, they have duty to use the most recent *mailing* address

> a part of the **same form**

ICD-NGPLEA_CRIMINAL-TRAFFIC   22927365

NO ATTORNEY EVER FILED AN ENTRANCE INTO THE CASES.

06/26/18
Event: PDA

# IN THE CIRCUIT/COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

UCN(s)

███████████████
███████████████

REF No.(s)
**A88EP9E**
**A88EPAE**
**A9XPUOE**

**STATE OF FLORIDA**

That I am financially qualified but staunchly AGAINST ineffective assistance of counsel, the fee/s, and an unequal discharge precludes my being in a client-attorney relationship - whether in a 'temporary' way or any other - with any with the Pinellas County Public Defender.

**VS.**

**KAREN KLYMAN**        PERSON ID: ████████████

**Defendant**

Ordered because of a so called 'underway' review that was *not even being had*. (The cart before the horse.)

## PROVISIONAL ORDER APPOINTING PUBLIC DEFENDER

**THIS CAUSE** having come before the Court, and that the defendant has requested to be found indigent pursuant to Sec. 27.52, Florida Statutes.  The Court understands that the defendant's affidavit for indigent status is still under review pursuant to Sec. 27.52, Florida Statutes.

It is therefore provisionally **ORDERED** that the Public Defender is temporarily appointed to represent the above named defendant.

SHALL OTHERWISE EXPIRE WHEN?

This appointment shall become permanent upon filing of a financial affidavit and final determination of indigent status.

**DONE AND ORDERED** on June 26, 2018 in Clearwater, Pinellas County, Florida.

An attorney on my case has a duty to be familiar with it *and* my wishes. So to carry on "acting" as counsel when I have chosen self-representation is violative of my wishes. See Exhibit 11.

_____SJS_____
CIRCUIT/COUNTY JUDGE

NONE of the conditions were met for the order to become permanent, *neither was the provisional condition met of 'still under review'*. THE ORDER SHOULD HAVE NOT BEEN IN EFFECT AND SHOULD NOT BE IN EFFECT AT ALL.

Copies furnished:

Public Defender

THERE WAS NO AFFIDAVIT UNDER REVIEW. I *INTENDED* TO FILL ONE OUT UNTIL I CLOSELY READ IT AND SAW THE TERMS TO WHICH I DO **NOT** AGREE. I CONSEQUENTLY, **PURPOSELY** NEVER SUBMITTED AN AFFIDAVIT FOR THE PURPOSES OF OBTAINING APPOINTED COUNSEL. I WANT NOTHING TO DO WITH THE PINELLAS COUNTY PUBLIC DEFENDER WHO DID NOT APPEAR AT ALL INTERESTED IN ZEALOUS REPRESENTATION OF THE CLIENT. I EXPRESSED MY DISSATISFACTION WITH THE INEFFECTIVE ASSISTANCE OF COUNSEL AS IN FLORIDA STATUTE § 27.40(9) IN MY AUGUST 13, 2018-FILED EMERGENCY MOTION. IT IS WRONG AND UNFAIR TO IGNORE BEING DISCHARGED. AS WELL IT IS A CONSCIOUS DISREGARD FOR MY RIGHT TO SELF-REPRESENTATION. THE "TEMPORARY" APPOINTMENT SHOULD HAVE 'WORN OFF' LONG AGO WITH (a) THE ELAPSE OF TIME, (b) NO DETERMINATION OF INDIGENT STATUS BY THE CLERK FOR THE PURPOSE OF OBTAINING COUNSEL, AND (c) NO FILING OF SUCH A FINANCIAL AFFIDAVIT IN THE CASE/S. THERE HAS NOT BEEN DILIGENCE BY AN ATTORNEY ON MY BEHALF.

**3**

ICD-PROVISIONAL_PDAP-TRAFFIC   22927366   ANOTHER FORM LIKELY PRE-WRITTEN

07/30/18
Event (s):  OTIC

# CIRCUIT/COUNTY COURT, PINELLAS COUNTY, FLORIDA
## CRIMINAL DIVISION

UCN: ████████████████████████

REF No.
**A88EP9E - F**

STATE OF FLORIDA

    VS.

**KAREN KLYMAN**
PERSON ID: ██████████

# CAPIAS AND/OR BOND ESTREATURE ORDER

The following was done in open Court on **July 30, 2018**:

The Clerk is ordered to issue a capias based upon the Defendant's failure to appear.
The Bond is set at **$2013.00.**

HIGH BOND CONSIDERING THE NATURE OF THE ALLEGED OFFENSE/S

**DONE AND ORDERED** on **July 30, 2018** in Clearwater, Florida.

_Judge_

EK

THE CLERK TOOK LONGER TO FILE THIS ORDER THAN THE
IMMEDIATE SAME DAY FILING OF THE DISTRICT COURT OF
APPEAL TRANSFER ORDER!

KEN BURKE
CLERK OF CIRCUIT COURT
AND COMPTROLLER

2018 AUG -2 AM 2:50

FILED
CRIMINAL COURT RECORDS

AUTOMATIC ISSUANCE OF CAPIAS ON ALL THREE CITATIONS. NO EVIDENCE OF CONSIDERING 5 FOR 5
PERFECT ATTENDANCE IN THE GUILTY/NO CONTEST COURT IN THE SAME CASES. NO EVIDENCE OF
CONSIDERING THERE WAS NO COURT DATE AND TIME ON THE SIGNED COMBINATION MULTIPLE-
CONSTITUTIONAL-VIOLATION NOT GUILTY PLEA / NOTICE OF PRE-TRIAL FORM DATED JUNE 26, 2018.
NO EVIDENCE IT WAS DISCUSSED OR CONSIDERED WHY I WAS NOT THERE. NO EVIDENCE THE
RECORD WAS REVIEWED TO CONSIDER LOWERING THE CUMULATIVE $6,013 BOND. NO EVIDENCE ANY
CONSIDERATION WAS GIVEN TO REQUIRING THE DEFENDANT TO ATTEND GUILTY/NO CONTEST COURT
BEFORE ACQUIESING AND SCHEDULING FOR A COURT THAT **CAN** TRY THE ALLEGED OFFENSES. NO
EVIDENCE A SUMMONS WAS CONSIDERED OVER CAPIAS. NO EVIDENCE DISCRETION WAS USED OR
THAT DUE PROCESS OCCURED BEFORE DECIDING MY LIBERTY SHOULD BE LOST AND FOR MORE
BOND THAN IS REASONABLE CONSIDERING THE CIRCUMSTANCES.

THE NO-DISCRETION-USED FORM?
ICD-CAPEB-III    23466129

4

## COUNTY COURT, PINELLAS COUNTY, FLORIDA
### MISDEMEANOR DIVISION

THE CLERK TELLS ME I MUST PAY A $32 DELINQUENCY FEE BY AUGUST 29, 2018 WHEN
(a) IT IS UNCONSTITUTIONAL (AT LEAST BY Art. I, § 19, Fla. Const. NO COSTS UNTIL FINAL);
(b) DEFAMATORY TO PUBLISH THAT I AM DELINQUENT; (c) **THE CLERK DEFAMED ME AS
FAST AS HE SHOULD HAVE TRANSFERRED THE CASE TO CIRCUIT COURT**; (d) IT IS
VIOLATIVE OF THE FDCPA; (e) THE CLERK TAKES OVER A YEAR TO EFFECT A ONE-DAY
TRANSFER FROM THE DISTRICT COURT OF APPEAL TO THE CIRCUIT COURT; (f) SHOWS
PREJUDICE IN THESE TRAFFIC CASES; (g) IT IS VIOLATIVE OF FLA. STAT. § 559.72.
   HOW CAN ONE BE DELINQUENT THE **SAME DAY** AN ALLEGED DEBT IS INCURRED?

14250 49th Street North
Clearwater, Florida 33762
Phone: (727) 464-7000
07/30/2018

UCN: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          Case Number:   A88EP9E

STATE OF FLORIDA                              Person ID:   ▓▓▓▓▓▓▓
VS.
KLYMAN, KAREN

## DELINQUENCY NOTICE

the good cause-missed court date

You are hereby notified that on July 30, 2018 you failed to comply with a court directive for OPERATE AN UNREGISTERED MOTOR VEHICLE.

You must contact the Clerk of Court, at the above address, comply as originally required, and pay a $32.00 delinquency fee and any applicable statutory service fee(s) by August 29, 2018 (Date to comply by to avoid suspension).

**IMPORTANT!**  "court directive" apparently refers to the June 26, 2018 notice I signed on the combination plea form that showed no due process-required court date and court time. The notice was not lawful on which to base a capias for second degree misdemeanor traffic charges.

Failure to comply with this notice by the date indicated above will result in the suspension of your driving privilege. Furthermore, for reinstatement of your driving privilege, you may be required to pay a $60.00 reinstatement fee after all court directives have been satisfied.  it would not be *lawfully* suspended based on a flawed notice / unlawful document defendants are made to sign

Witness the undersigned Clerk of said Court on this the 30th day of July, 2018

**KEN BURKE, CPA**
CLERK OF THE CIRCUIT COURT
& COMPTROLLER

KAREN KLYMAN
▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5

THIS EXCLUDES ATTORNEYS THAT WILL NOT WORK AS A TEAM; WILL NOT CORRESPOND IN WRITING; WILL NOT ENTER INTO THE CASE OFFICIALLY IF IN A FORMAL CLIENT/ATTORNEY RELATIONSHIP. THIS EXCLUDES INEFFECTIVE ASSISTANCE. THIS INCLUDES INFORMAL EFFECTIVE ASSISTANCE.

KNOWING AND INTELLIGENT *FARETTA*-MUSTER DECLINE OF ATTORNEY AT THIS TIME, RESERVING USE OF AN ATTORNEY AT SOME OTHER TIME IF I SEE FIT.

THE INEFFECTIVE PUBLIC DEFENDER IS EXCLUDED.

COUNTY COURT, PINELLAS COUNTY, FLORIDA
TRAFFIC DIVISION

RECEIVED
NORTH COUNTY BRANCH
AUG 13 2018
KEN BURKE
Clerk of the Circuit Court & Comptroller

In Re: Citation Numbers: A88EP9E, A88EPAE, A9XPUOE
Karen Klyman

NO COUNSEL APPLICATION OR FEE WAS SUBMITTED AS REQUIRED BY CURRENT STATE LAW SO NO *FARETTA* INQUIRY FOR THAT REASON ALONE. IF NO *FARETTA* INQUIRY IS REQUIRED BEFORE PERMANENT APPOINTMENT OF COUNSEL, NONE IS REQUIRED. MY WISHES MUST BE HONORED TO GO AHEAD WITH THE DEFENDANT-FILED MOTION.

## EMERGENCY EXPARTE MOTION TO WITHDRAW CAPIASES WITH SUPPORTING AFFIDAVIT

I let you know that I am not satisfied with the attorney as it appears she did not attempt to seek continuance or reset on my behalf. Please then consider this defendant-filed motion.

Point 1: In speaking with her after the pretrial hearing date, she stated that she received my letter about the case. I sent it well beforehand on July 8, 2018. She did not appear to have read it well because during the conversation her demeanor appeared to change after I explained verbally *exactly* what I stated in the letter. She spoke in a condescending manner. I believe it fair for the attorney to review the case transcripts, read a letter about the case, and advocate for continuance or reset upon notice of my call. I believe it important to listen to the previous transcripts in this case. (I too could benefit from reviewing them in writing.)

CATASTROPHICALLY, NEEDING AN ENGINE REBUILD.

Point 2: She told me a story about a client in Georgia who had arranged a ride to Florida to get to court but something happened to the ride and he called to let them know he could not be there. She said she got his court date moved. I called to let them know and was greeted with 'you have to be in the hospital, or you have to be near death'; I have a chronic illness that is worsening and had an acute illness which alone is capable of generating a note of excuse. So, if I have experiences like that on either side of the court date it seems to reason that it applied to the interim period of time as well. Further consider that the car which I depended on broke down and was suddenly undriveable. Two firefighters helped by pushing it off to the side. One of them gave a number to a place to start making inquiries about potentially repairing it.

Point 3: She said I needed a Florida driver's license and registration. I do not and I said I did not.

Point 4: She was surprised that the car is registered - a known fact in this case.

Point 5: She chided me about sending the 3 page letter about the case to the judge and the state's attorney. She had no proof I had done that. I pointed out that it was addressed to her. She excused herself for misspeaking. Why she jumped to that inaccurate conclusion I do not know, but such doings are a concern for me.

6A

An attorney is supposed to be an advocate. Please listen to the transcript of the pretrial hearing. If she did not make an effort to advocate, if she had not thoroughly read my letter mailed to her weeks in advance, that would validate this motion.

IF IT CAN LEGITIMATELY BE SAID THAT I EVEN *HAD* A PROVISIONALLY-APPOINTED TEMPORARY ATTORNEY FOR THE BRIEF PERIOD OF TIME FROM JUNE 26, 2018 TO (AT MAXIMUM) AUGUST 13, 2018 WHEN THIS WAS FILED, THEN I DISCHARGED ATTORNEY REPRESENTATION AND WENT IT ALONE WITH THIS FLA. STAT. § 27.40(9) NOTICE AND EXERCISED MY U.S. CONSTITUTIONALLY-GUARANTEED RIGHT TO SELF-REPRESENTATION *Faretta v. California*, 422 U. S. 806 (1975). I SHOULD NOT HAVE TO RISK ARREST TO GET A COURT ORDER TO SELF-REPRESENT WHEN (a) NO APPLICATION WAS SUBMITTED* TO UPHOLD THE PROVISIONAL ORDER; (b) A PROVISIONAL APPOINTMENT SHOULD HAVE EXPIRED WITH THE ELAPSE OF TIME; (c) I HAVE THE UNDENIABLE RIGHT TO SELF-REPRESENT; (d) I WAIVED MY APPEARANCE. FURTHER, NO ATTORNEY MADE FORMAL ENTRANCE INTO MY TRAFFIC CASES. NO ATTORNEY COMMUNICATED TO ME IN WRITING. WHEN I CONTACTED THE PINELLAS PUBLIC DEFENDER OFFICE THIS MONTH IN MAY 2021 THEY ADMITTED **NO ATTORNEY WAS ASSIGNED** TO MY CASES. THE CIRCUIT ORDER CLAIMING I AM REPRESENTED BY ATTORNEY DID NOT PROVIDE A COPY OF THE ORDER TO THE SUPPOSED NON-EXISTENT ATTORNEY.

DEMONSTRATION **IN THESE VERY CASES** THAT CAPIAS NOT NEEDED OR NECESSARY!

I ask that you consider why I was not there as set forth in the accompanying affidavit and request the capiases be withdrawn. Please listen to the previous transcripts including Judge Bedinghaus' setting a hearing as a status check and allowing me to speak to the assistant state attorney because nonrepresented defendants are not allowed to do so before court as represented defendants' attorneys may. Had that happened on the last hearing date, it is possible the case may not have made it to this other court.

In the alternative I ask that the bonds be reduced significantly.

Many thanks.

A CONSTITUTIONAL VIOLATION BY THE STATE

Signature of moving party Karen Klyman
Mailed this 9th day of August, 2018.

Karen Klyman

▮▮▮▮▮▮▮
▮▮▮▮▮▮▮

THERE IS MORE TO THIS MOTION BUT I ASK THAT IT BE UNDER SEAL AS IT TALKS ABOUT HEALTH MATTERS. THE CLERK HAS SHOWN THAT HE WILL PUBLISH ANYTHING FROM ANOTHER COURT ON THE WEBSITE INCLUDING FINANCIAL INFORMATION SO IT WOULD NOT BE SUPRISING FOR THIS INFORMATION TO ALSO GET PUBLISHED ON THE INTERNET EXCEPT IF IT IS UNDER SEAL.

6B

MOTION FOR STAY FILED IN THE COUNTY COURT SEPTEMBER 19, 2018.

Complained of in the circuit order.

## IN THE COUNTY COURT, SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA

In Re: Citation Numbers: A88EP9E, A88EPAE, A9XPUOE
Karen Klyman

### MOTION TO STAY CAPIAS, D6, ETC.

I am not aware of a ruling on the unopposed August 13, 2018-filed emergency motion. I request this the trial court stay repercussions from my not being able to attend / <u>the attorney assigned</u> at that time not advocating effectively on my behalf, the July 30, 2018 hearing. I will seek assistance from the district court via Fla. R. App. P. 9.030(b)(3).

Whether I really had an attorney of not.

Thank you.

Mailed this 16th day of September, 2018.

Karen Klyman

2018 SEP 19   AM 11: 00
FILED NORTH COUNTY BRANCH
KEN BURKE CLERK OF THE CIRCUIT COURT

7

THE PINELLAS CLERK OF THE CIRCUIT AND OF THE COUNTY COURT RECEIVED THIS DISTRICT COURT OF APPEAL ORDER TO TRANSFER THE CASE TO THE CIRCUIT COURT. IT IS SHOWN FILE-STAMPED THE SAME DAY AND IN PLENTY OF TIME FOR THE SAME CLERK TO ISSUE A CIRCUIT COURT CASE NUMBER AS WELL ON THE SAME DAY. INSTEAD, THE CLERK WAITED UNTIL FEBRUARY 14, 2020, OVER A YEAR AND THREE MONTHS LATER (478 DAYS) TO COMPLETE THE DISTRICT COURT OF APPEAL-ORDERED TRANSFER, ESSENTIALLY DEFYING THE ORDER FOR THAT PERIOD OF TIME AND CAUSING UNCONSTITUTIONAL DELAY ALL THE WHILE PUBLISHING ON THE INTERNET THE CLAIM BY THE CLERK THAT I AM DELINQUENT.

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802-0327

October 24, 2018

CASE NO.: 2D18-3835
L.T. No.: A88EP9E,
A88EPAE,
A9XPUOE

KAREN KLYMAN                  v.         STATE OF FLORIDA

Appellant / Petitioner(s),                Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

Petitioner's petition for writ of mandamus is transferred to the Sixth Judicial Circuit Court for Pinellas County.

Petitioner's motion for stay and motion to dismiss counsel are denied without prejudice to any right Petitioner might have to raise those issues in the circuit court.

CASANUEVA, CRENSHAW, and BLACK, JJ., Concur.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Attorney General, Tampa        Karen Klyman        Ken Burke, Clerk (encl.)

td

Mary Elizabeth Kuenzel
Clerk

8

YOUR HOW DID HIS NAME IS COMPARED TO THE TITLE OF THE DOCUMENT?



# KEN BURKE

### CLERK OF THE CIRCUIT COURT AND COMPTROLLER
### PINELLAS COUNTY, FLORIDA

### CRIMINAL COURT RECORDS

Clerk of the County Court
Recorder of Deeds
Clerk and Accountant of the Board of County Commissioners
Custodian of County Funds
County Auditor
Clerk of the Water and Navigation Control Authority

www.mypinellasclerk.org
14250 49th Street North
Clearwater, FL 33762-2800
Telephone: (727) 464-7000

### ON APPEAL TO THE CIRCUIT COURT OF THE SIXTH JUDICIAL
### CIRCUIT OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY

### ACKNOWLEDGMENT OF NEW CASE      478 DAY DELAY

DATE:     February 14, 2020

STYLE:    KLYMAN, KAREN VS. STATE OF FLORIDA

CIRCUIT APPEAL No.      20-00009-AP

The Circuit Court has received the Notice of Appeal of Non-Final (NON) Order by Petition Transferred from the Second District Court of Appeals as a Petition for Writ of Mandamus reflecting a filing date of 10/24/2018.

The Appellate Judge assigned is Judge Joseph A Bulone

The lower tribunal case number provided is:

UCN No.      ███████████              CASE No.      A88EPAE
             ███████████                            A88EP9E
             ███████████                            A9XPUOE

cc:     State Attorney's Office
        Karen Kyman ██████████████████████
        Ken Burke, Clerk

9

ANOTHER FORM?

CR APP COUNTY ACKNOWLEDGEMENT OF NEW CASE

Notice this file-stamp is over one year and five months from the date the Second District Court transferred it to the circuit court. It took the Clerk 478 days from receiving a transfer order to assign a circuit court case number - prejudicial and unconstitutional delay. The Clerk issued a delinquency notice in attempt to collect a fee not fairly assessed *as fast as the he should have effected the transfer from the court of appeal*.

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY
## APPELLATE DIVISION

KAREN KLYMAN                    ,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

Appeal No.:  20-00009-AP
Cnty. Nos.:  A88EPAE
             A88EP9E
             A9XPUOE

FILED
CRIMINAL COURT RECORDS
2020 APR -6 PM 2: 53
KEN BURKE
CLERK OF CIRCUIT COURT
AND COMPTROLLER

Petitions for Writs of Mandamus
Directed to the Pinellas County Court,
County Judge Theodora Komninos

Karen Klyman, *pro se*
Petitioner

> 'Pro se' because I have no attorney. I don't think any attorney was assigned when this order was written. I disagreed with the form and fee to apply for appointed counsel and so I did NOT submit an application for appointed counsel to the clerk for review or pay the fee as required by state law as it stands.

Office of the State Attorney
Attorney for Respondent

## ORDER AND OPINION

(Before BULONE, ANDREWS, and SIRACUSA, JJ.)

PER CURIAM

> The **higher** Second District Court of Appeal **accepted** my protests about the fees and the *in forma pauperis* 'applications'. I marked off "NOT REPRESENTED" on the form and the Second District Court of Appeal accepted it and ruled in my favor on motion to proceed – **never inaccurately concluding or insisting I am represented**.

THIS MATTER is before the Court on three separate petitions from Petitioner Karen

Klyman:

    (1) "Motion to Proceed," treated as a petition for writ of mandamus, filed with the Second

        District Court of Appeal on September 20, 2018, and <u>transferred to the Sixth Judicial</u>

        <u>Circuit on October 24, 2018</u>;

10A

> I was 5 for 5 in attendance in these cases prior to the good cause-miss. Fla. R. Crim. P. 3.131(a) **shall** be entitled to reasonable conditions; Fla. R. Crim. P. 3.131(k) **summons** not capias; Fla. R. Traff. Ct. 6.190(c) **no warrant** for non-resident.

(2) "Notice of Appeal of Non-Final (Non) Orders by Petition," treated as a petition for writ of mandamus, filed with the Second District Court of Appeal on October 24, 2018, and transferred to the Sixth Judicial Circuit on December 6, 2018; and

(3) "Notice of Appeal of (Non) Orders" treated as a petition for writ of mandamus, and an "Emergency Motion for Stay," filed in this Court on November 2, 2018.

As explained below, the Court dismisses all three petitions.

*Background*

> An AUTOMATIC capias precluded by due process which requires **use of discretion**.

Petitioner, Karen Klyman, was cited for three separate traffic infractions in the proceedings below. After failing to appear for a pre-trial hearing on July 30, 2018, the county court issued a capias for all three cases. According to the allegations in the petitions, thereafter Petitioner filed numerous motions in the county court seeking to have the capias withdrawn and seeking other relief.

> The county court judge did not disclose why no action.

Petitioner alleges that the county court took no action on those motions.

Thereafter, on September 20, 2018, Petitioner filed a "Motion to Proceed" as an original proceeding in the Second District Court of Appeal, "seek[ing] the District Court's assistance" because "[n]o order that I know of was issued" on her motions on county court. Petitioner

> A motion for stay **WAS** filed in the county court. See Exhibit 7.

subsequently filed a motion for stay and a motion to dismiss counsel. The Second District treated the "Motion to Proceed" as a petition for mandamus and transferred it to this Court on October 24, 2018. The Second District also denied the motion for stay and motion to dismiss counsel without prejudice to her right to raise those issues before this Court.[1]

Also on October 24, 2018, Petitioner filed a "Notice of Appeal of Non-Final (Non) Orders by Petition" as an original proceeding in the Second District Court of Appeal, seeking "review" of

*[left margin annotation, rotated:]* Other relief like reducing the bond, no jail time, waiver of appearance.

> I notified the county court in motion filed August 13, 2018 I was self-representing and waiving my appearance. I never submitted an application for counsel to the clerk as required to appoint attorney. The public defender admitted no attorney is assigned. No attorney formally entered into the cases. No *provisional* order can **last for years**. I have the right to discharge ineffective assistance at any time and to self-represent **before** there is any order declaring my right to self-represent. I cannot be threatened with arrest to secure my right to self-represent. I was not warned of the degree of ineffectiveness the public defender could provide.

---

[1] Those proceedings occurred in Second District Court of Appeal case no. 2D18-3815.

10B

THAT ~~Case 8:21-cv-01408-WFJ-CPT Document 1~~ Filed 06/10/21 Page 24 of 45 PageID 24

The transfer should have taken PLACE ON THE **SAME** DAY not 478 days LATER. A Clerk that would designate me as 'delinquent' in paying an alleged fee he required *during* a case, not even at the end as required by state constitution. Art. I, § 19, Fla. Const. no costs until final

"non-orders." The Second District construed the "Notice of Appeal of Non-Final (Non) Orders by Petition" as a petition for mandamus and transferred it to this Court on December 6, 2018.[2]

On November 2, 2018, Petitioner also filed a "Notice of Appeal of (Non) Orders" as a direct appeal to this Court "because the county court judge has not ruled on the following filings." Petitioner also filed an "Ex Parte Emergency Motion for Stay" on that date. Because Petitioner appears to be invoking this Court's jurisdiction to compel the county court to take action, this Court treats the notice of appeal as a petition for writ of mandamus pursuant to Florida Rules of Appellate Procedure 9.030(c)(3) and 9.100(e).

> The Clerk **neglected** the 2DCA order to transfer.

Although the petitions were transferred by order, and her appeal filed, on the dates noted above, none of the petitions came to the Court's attention until February 14, 2020, when they were consolidated into this case for decision.

> The Clerk also neglected the 2DCA insolvent order.

Subsequently, on January 24, 2020, the Clerk of the Circuit Court noticed petitioner about her failure to pay the filing fee or apply for a determination of indigent status. Petitioner did not respond. On February 17, 2020, this Court issued an order directing Petitioner to pay the filing fee or apply for a determination of indigent status within 10 days or the action would be dismissed. This Court never issued an order dismissing the action due to nonpayment. On March, 19, 2020, Petitioner filed a notice of appeal. The Second District Court of Appeal construed the notice of appeal as a petition for writ of certiorari challenging the order to pay the filing fee or apply for indigent status.[3]

*Filing Fee*

The Court first addresses the issue of the filing fee. Petitioner did not respond to the Court's order regarding payment the filing fee or application for indigent status, and later filed a notice of

---

[2]    Those proceedings occurred in Second District Court of Appeal case no. 2D18-4790.
[3]    That petition is pending in Second District Court of Appeal case no. 2D20-1033.

10C

The form to apply to have costs waived is the same used to request appointment of attorney. On the top of the form the second selection is to be made to request waiver of costs, "I HAVE A PRIVATE ATTORNEY OR AM SELF-REPRESENTED AND SEEK DETERMINATION OF INDIGENCE STATUS FOR COSTS." I checked that selection and lined through the 'have a private attorney' part. I objected to the fees. 2DCA **approved** my response to their order.

appeal. Attached to that notice was an order from Second District Court of Appeal case no. 2D18-

3815 finding Petitioner to be insolvent. The Court takes judicial notice of that order, finds

Petitioner to be indigent for purposes of this proceeding, and waives payment of the filing fee. *See*

§ 90.202(6), Fla. Stat.; *Ledger v. City of St. Petersburg*, 135 So. 3d 496 (Fla 2d DCA 2014).

*Jurisdiction*

Rule 9.030(c)(3) vests this Court with jurisdiction to issue writs of mandamus. Rules

9.100(e) and 9.100(f) allow this Court to issue such writs directed at county court judges.

Therefore, this Court has jurisdiction over the petitions. One appeal at one time for one ailing pro se.

I disagree. I believe everything stops for the higher 2DCA court.

The petition for writ of certiorari currently pending in the Second District Court of Appeals

The district court of appeal can order a county court to rule as shown in the Grantly case, 3D18-1606.

does not divest this Court of jurisdiction to rule on the underlying petitions. Petitioner challenged

this Court's order directing her to pay the filing fee or apply for a determination of indigent status

It is as if the circuit court stirred from an intentional dormancy to interfere with the 2DCA action, and so it did.

by petition for writ of certiorari in Second District Court of Appeal case no. 2D20-1033. A petition

for writ of certiorari, filed in the district court, "has no effect on the jurisdiction of the circuit court

No effect on jurisdiction IF the circuit court is the TRIAL court, NOT in the role of APPELLATE court.

unless a stay of the proceedings is granted." *Curry v. State*, 880 So. 2d 751, 756 (Fla. 2d DCA

2004). The Court has not received any order granting a stay of the proceedings, and therefore the

Court may proceed to rule on the petitions.

NOVEMBER 2, 2018 TO APRIL 2, 2020, THE DATE OF THE SIGNATURE ON THIS ORDER, IS A **LONG** TIME TO WAIT FOR A RULING ON AN EMERGENCY MOTION!

ONLY IF IT WERE THE ORIGINAL **TRIAL** COURT, WHICH IT IS NOT.

*Motion for Stay*

Because Petitioner included an "Ex Parte Emergency Motion for Stay" with her "Notice of

Appeal of (Non) Orders," filed in this Court on November 2, 2018, the Court discusses that issue

first. Petitioner asks this Court to stay the county court's issuance of a capias in her cases. Rule

9.310(a) authorizes a lower tribunal, "in its discretion, to grant, modify, or deny" a stay of "a final

or nonfinal order pending review." However, because this motion was filed in this Court and not

THE MOTION FOR STAY IN THE COUNTY COURT WAS FILED ON SEPTEMBER 19, 2018!

in the "lower tribunal" (county court), this Court lacks jurisdiction to hear the motion for stay.

TWO PAGES FROM HERE ON PAGE SIX OF THIS ORDER THE JUDGE NOTES THE FILING OF THE MOTION FOR STAY WITH THE COUNTY COURT THAT THE COUNTY COURT ALSO DID NOT RULE ON. SO THE EXISTENCE OF THAT COUNTY COURT-FILED MOTION FOR STAY APPEARS TO DEFEAT HIS CLAIM HERE OF LACK OF JURISDICTION!

4

10D

Moreover, because the Court dismisses the petitions, as explained below, a stay is no longer necessary and the motion is moot.

But because the allegations in the motion challenge the lawfulness of the capias, the Court also construes the motion as a petition for writ of certiorari.[4]  A petition for writ of certiorari must

NO ATTORNEY ASSISTED. NO ATTORNEY WAS ENTERED IN THE CASES AND THE ONE RETIRED AUG 2018.

be filed within 30 days of the rendition of the order sought to be reviewed. Fla. R. App. P. 9.100(c).

"[T]hat time limit is jurisdictional." *State v. Lozano*, 616 So. 2d 73, 75 (Fla. 1st DCA 1993). The

IF THE 6TH CIRCUIT COURT FOLLOWS 1DCA, IT SEEMS LIKE IT COULD AS WELL DO LIKE THE 3DCA GRANTLEY CASE.

county court's capias issued on July 30, 2018.  Petitioner's motion, treated as a petition for writ of certiorari, was filed on November 2, 2018, more than 30 days after the capias issued.  Because the motion as filed more than 30 days after the order sought to be reviewed, this Court lacks

jurisdiction to hear the petition.  MY EMERGENCY MOTION WAS FILED **WITHIN** 30 DAYS ON AUGUST 13, 2018.

Petitioner's "Ex Parte Emergency Motion for Stay" is therefore dismissed.

*Writs of Mandamus*

"The writ of mandamus is available only to compel a non-discretionary ministerial duty by

THE COUNTY COURT JUDGE DID **NOT** USE DISCRETION IN ISSUING THE CAPIAS AND BOND! IT IS A FORM.

a public official where the petitioner has no other legal remedy to obtain the relief sought." *Conner v. Moran*, 278 So. 3d 790, 793 (Fla. 1st DCA 2019).  "A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty,

JUDGE HAS AFFIRMATIVE DUTY TO RULE:  FLA. R. JUD. ADMIN. 2.215(f) JUDICIAL DUTY TO RULE

and no adequate remedy at law." *Radford v. Brock*, 914 So. 2d 1066, 1067 (Fla. 2d DCA 2005) (quoting *Smith v. State*, 696 So. 2d 814, 815 (Fla. 2d DCA 1997)).  "When a trial court receives a petition for a writ of mandamus, its initial task is assessing the petition to determine whether it is facially sufficient.  If it is not facially sufficient, the court may dismiss the petition." *Id.* at 1067-68 (quoting *Davis v. State*, 861 So. 2d 1214, 1215 (Fla. 2d DCA 2003) (citations omitted)).  "If the petition is facially sufficient, the court must issue an alternative writ of mandamus requiring

---

[4]  Neither Rule 9.130 or 9.140 provide for the direct appeal of an order issuing a capias.

2DCA ABSOLUTELY <u>CAN</u> ORDER COUNTY TRIAL COURT JUDGE TO RULE ON MOTION TO LIFT CAPIAS AND REQUIRE MY APPEARANCE BE WAIVED FOR IT! SEE EXHIBIT 11.

10E

MY "WHEN" HAPPENED IN THIS EMERGENCY MOTION (EXHIBIT 6) WHEN I INTELLIGENTLY AND KNOWINGLY PROCEEDED, IF IT CAN BE SAID THAT I WAS EVER REPRESENTED AT ALL. I WAS **NEVER** REPRESENTED WITH EFFECTIVE ASSISTANCE OF COUNSEL.

the respondent to show cause why the writ should not be issued." *Id.* at 1068 (citing *Moore v. Ake*,

693 So. 2d 697, 698 (Fla. 2d DCA 1997); *Conner v. Mid-Florida Growers, Inc.*, 541 So. 2d 1252,

1256 (Fla. 2d DCA 1989)).

"the Court's foundational "self-representation" case, *Faretta*, supra - which held that the Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel **when**" a criminal defendant "voluntarily and intelligently elects to do so," 422 U.S., at 807, 95 S.Ct. 2525" *Indiana v. Edwards*, 554 U.S. 164 (2008)

*Analysis*

"WHEN" DOES NOT MEAN MONTHS OR YEARS *LATER THAN* AUG 13, 2018!

With those principles in mind, the Court turns to the petitions. Petitioner, in her initial

AUG 13, 2018 IS MY "WHEN" IF NOT BEFORE WHEN I DID NOT SUBMIT THE APPLICATION FOR COUNSEL.

"Motion to Proceed," seeks this Court's "assistance." She alleges that, in her traffic cases in county

WHEN IS MY "WHEN" GOING TO BE LEGALLY ACKNOWLEDGED?

court, her appointed attorney "failed to get the case reset" and that she subsequently filed an

"emergency motion for relief" along with "other motion/request [sic] as well." It appears that,

although Petitioner did not attach a copy of her "emergency" motion to her original filing, she

included it, or a portion thereof, as an attachment to her later "Motion to Remove Attorneys"

(which the Second District denied), but the portion included only recites complaints about her

attorney.

DENIED TO LET THE CIRCUIT COURT HAVE A TRY AT IT WHEN THEY COULD HAVE ORDERED THE COUNTY JUDGE TO RULE AS IN EXHIBIT 11.

In her subsequent "Notice of Appeal of Non-Final (Non) Orders by Petition," Petitioner

seeks "review," pursuant to Rule 9.100, of "non-orders to" a number of motions, objections, and

requests filed in the county court. She did not attach copies of any of those motions, objections,

or requests. Likewise, in her last filing, her "Notice of Appeal of (Non) Orders," Petitioner seeks

to "appeal . . . because the county court judge has not ruled on the following filings." She then

lists the same motions, objections, and requests listed in her previous filing, and again fails to

attach copies of any of those documents. In her "Ex Parte Emergency Motion for Stay," filed

simultaneously, she notes that she sought a stay from the county court "to no avail because like

the other filings and contrary to Fla. R. Jud. Admin. 2.215(f) . . . no order has issued."

Considered collectively, it appears that Petitioner is seeking a writ of mandamus from this

Court compelling the county court to rule on her various motions, objections, and requests for

WHEN FUTILITY IS SHOWN IN THE LOWER TRIAL COURT, THE HIGHER COURT CAN **NOT ONLY** ORDER THE LOWER COURT TO RULE, **BUT DO THE RULING ITSELF!**

10F

NO ATTORNEY ASSISTED ME AT ALL. NO ATTORNEY REPRESENTED ME EXCEPT THAT ONE SAID SHE DID NOT SPEAK UP AND EXPLAIN WHERE I WAS ON THE SIXTH COURT APPEARANCE OR DEMAND THAT DISCRETION BE USED IF ISSUING CAPIAS AND TO CONSIDER MY EXCELLENT 5 FOR 5 ATTENDANCE - PERFECT UP TO THAT POINT. I DID NOT HAVE AN ATTORNEY ADVOCATING FOR ME DURING THE ONE AND ONLY ONE PROCEEDING THAT THEY WERE THERE.

relief because the county court has failed to rule on them within a reasonable time. Although she

has not cited any law in support of her petitions, the standards are familiar to this Court:

> Mandamus lies to compel a trial court to rule on a motion or
> petition after a reasonable time. *Matthews v. Circuit Court*, 515
> So. 2d 1065 (Fla. 5th DCA 1987); *Davis v. Twentieth Judicial
> Circuit Court, Lee County*, 491 So. 2d 1232 (Fla. 2d DCA 1986);
> *McBride v. State*, 443 So. 2d 416 (Fla. 4th DCA 1984). . . .

> Mandamus is the proper remedy to compel a court to exercise its
> discretion and decide a cause, **where there is no valid reason to
> reserve ruling on the matter**. *Villas at Cutler Ridge Homeowners'
> Ass'n, Inc. v. Newman*, 498 So. 2d 579 (Fla. 3d DCA 1986); *see also
> Flagship Nat. Bank of Miami v. Testa*, 429 So .2d 69 (Fla. 3d DCA
> 1983) (mandamus lies to require court to rule one way or the other,
> **if there is no justification that ruling be withheld**).

SEEKING TO CLEAR THE RECORD OF ANY ATTORNEY NAME THAT I HAVE NOT AGREED TO REPRESENTING ME.

Requiring appearance when a waiver is in place is not a valid reason.

*Mason v. Circuit Court, Fifth Judicial Circuit*, 603 So. 2d 94, 95 (Fla. 5th DCA 1992) (emphasis

IF EVER I *HAD* AN ATTORNEY, DISCHARGED IN WRITING ON THE RECORD AUG 13, 2018.

added). However two circumstances, both present here, could constitute "valid reason[s] to

BUT DON'T.

APPARENT I WANT THE NAMES OFF THE REGISTER.

reserve ruling" on Petitioner's motions. *Id.* at 95.

NO IT ISN'T!

NOT FOR 5 APPEARANCES AND SEEMINGLY NOT AFTER THAT.

First, as is apparent from her various filings seeking to discharge her attorney, Petitioner

was represented by counsel in the proceedings below A filing by a criminal defendant represented

by counsel is a nullity. *Purnell v. State*, 931 So. 2d 134, 135 (Fla. 2d DCA 2006); *see also Prevatt

v. State*, 776 So. 2d 1114, 1115 (Fla. 5th DCA 2001) (dismissing petition because the *pro se*

petitioner seeking a writ of habeas corpus to obtain pretrial release or a reduction in the amount of

his bail bond "cannot be represented by counsel and at the same time elect self-representation");

I HAVE ELECTED TO *NOT* HAVE TO DO WITH PINELLAS COUNTY PUBLIC DEFENDER.

*Studnicka v. Carlisle*, 567 So. 2d 17 (Fla. 4th DCA 1990) (noting that "[p]etitioners who are

WITHOUT SUBMISSION OF AN APPLICATION FOR COUNSEL, BY STATE LAW I DO **NOT** HAVE APPOINTED COUNSEL!

represented by counsel should file pleadings only through counsel. A defendant who has court-

appointed counsel may not act as co-counsel . . ."). The county court was not required to rule on

THEY CERTAINLY DO NOT ACT AS A TEAM.

*pro se* motions when Petitioner was represented by counsel. At the very least, Petitioner has

provided no authority to support her contention that she had a "clear legal right to performance of

RIGHT OF SELF-REPRESENTATION; RIGHT TO BE FREE OF INEFFECTIVE ASSISTANCE IMMEDIATELY.

the act requested" under those circumstances.

NONE of the conditions were met for the order to become permanent, *neither was the provisional condition met of 'still under review'*. THE ORDER SHOULD HAVE NOT BEEN IN EFFECT AND SHOULD NOT BE IN EFFECT AT ALL.

IT IS APPARENT I WANTED THE NAME/S REMOVED FROM SHOWING ON THE CASES, IT IS APPARENT NO ATTORNEY WAS EVEN ASSIGNED, IT IS ALSO APPARENT THE ORDER WAS TEMPORARY IN NATURE AND EXPIRED AS THE CONDITIONS FOR IT WERE NOT EVER MET. I INTENDED TO FILL OUT THE APPLICATION AT ONE TIME BUT AFTER SEEING THE LANGUAGE ON IT, CHOSE NOT TO AGREE TO IT BECAUSE TO ME IT SEEMS UNCONSTITUTIONAL. A FEE TO APPLY TO BE DETERMINED INDIGENT? THE UNITED STATES SUPREME COURT DOES NOT CALL THE AFFIDAVIT 'AN APPLICATION' AND PROCEED TO CHARGE AN 'APPLICATION FEE'. IF THE SUPREME COURT IS THE LAW OF THE LAND SO SHOULD BE ITS PROCEDURE TO REVIEW REQUESTS TO PROCEED WITH COSTS WAIVED. FLORIDA'S PROCESS APPEARS **UNCONSTITUTIONAL** AND SERVES TO PREJUDICE THE INDIGENT PARTY AND DISTANCE THEM FROM JUSTICE AND/OR MAKE THE ROAD A HARDER ONE TO TRAVEL.

10G

> THERE IS GOOD CAUSE SHOWN IN THE RECORD IN THE EMERGENCY MOTION FILED AUG 13, 2018. EXH. 6

> I HAVE BEEN SEEKING JUSTICE NOT RUNNING FROM IT, IT IS NOT JUST TO EFFECT OR THREATEN ARREST WHEN IT IS EVEN CLEAR FROM THE ORDER THAT NO DISCRETION OR NO EVIDENCE OF WEIGHING MY ATTENDANCE RECORD WAS CONDUCTED AND THE CAPIAS WAS BASED ON THE SIGNED COMBINATION FORM.

Second, Petitioner filed her motions, objections, and requests after a capias had issued for her arrest after she failed to appear for court. "[A] fugitive from justice is not entitled to call upon the resources of court for determination of his case." *Garcia v. Metro-Dade Police Dep't*, 576 So. 2d 751, 752 (Fla. 3d DCA. 1991) (quoting *United States v. One Lot of U.S. Currency totalling $506,537.00*, 628 F. Supp. 1473 (S.D. Fla. 1986)); *see also State v. Gurican*, 576 So. 2d 709 (Fla.

> THERE WAS NO PHYSICAL ARREST FOR THE ALLEGED CRIMES, NO BAIL, NO ESCAPE.

1991) (holding that a fugitive may not litigate an appeal from his criminal conviction), *receded*

> THERE IS NO CONVICTION!

*from by Griffis v. State*, 759 So. 2d 668 (Fla. 2000) (holding that former fugitive status did not bar appeal). Having failed to appear, and by her motions (at least the titles thereof) repeatedly challenged the county court's issuance of the capias, Petitioner sought to "call upon the resources of the court for determination of [her] case." It is not at all clear that, under those circumstances,

> I CALLED UPON THE LIFTING OF THE CAPIAS.          > I WAIVED MY APPEARANCE.

the county court was required to rule on her motions in absentia. At the very least, Petitioner has provided no authority to support her contention that she had a "clear legal right to performance of the act requested" under those circumstances. > THE JUDGE HAS DUTY TO RULE AND NOT DELAY JUSTICE.

Consequently, Petitioner has failed to "establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." *Radford*, 914 So. 2d at 1067. Therefore, the petitions are insufficient and should be dismissed. *Id.* at 1067.

Accordingly, it is

> IF HE IMPLIES GOING TO AN ARREST SANS DUE PROCESS IS ADEQUATE REMEDY, I DISAGREE.

---

> *Garcia v. Miami-Dade Police Dept.*, 576 So. 2d 751 (3DCA 1991) **does not apply** because it states, "We adopt this doctrine **only** as it relates to civil forfeiture actions that arise out of criminal charges." (emphasis added) **This is not a civil forfeiture action!**
> *United States v. One Lot of U.S. Currency..*, 628 F. Supp. 1473 (S.D. Fla. 1986) These traffic cases do not involve ignored discovery obligations or failure to answer charges - I answered and attended **5 times before** a good cause-miss.
> The federal escape rule cases do not appear to be about people challenging due process and the legality of the issuance of the warrants. For unlawfully issued capias, the federal escape rule does not apply.
> *State v. Gurican*, 576 So. 2D 709
> "**unless** the defendant can establish that the escape or **failure to appear was legally justified.**"
> Gurican, 576 So.2d at 712          -- SEE EXHIBIT 6 --
> My failure to appear was legally justified and set out in the emergency motion I filed on August 13, 2018.
> **THE CASES RELIED ON DO NOT APPLY TO THE THREE TRAFFIC CITATION CASES.**

8

10H

**ORDERED AND ADJUDGED** that Defendant is declared indigent for purposes of costs related to this action, and the filing fee waived.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's "Ex Parte Emergency Motion for Stay" is hereby **DISMISSED**.

> THE HIGHER COURT OF APPEAL **GRANTED** THE MOTION TO PROCEED.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's "Motion to Proceed," "Notice of Appeal of Non-Final (Non) Orders by Petition," and "Notice of Appeal of (Non) Orders" are hereby **DISMISSED**.

**ORDERED** at Clearwater, Florida this ___2___ day of ___April___, 2020.

_____
Joseph A. Bulone
Circuit Court Judge

_____
Michael F. Andrews
Circuit Court Judge

_____
Pat Siracusa
Circuit Court Judge

Cc:   Honorable Theodora Komninos
      Karen, Klyman, Petitioner
      Office of the State Attorney

> IF I AM SO REPRESENTED AS THE JUDGE CONTENDS, WHY DIDN'T HE PROVIDE COPY TO MY SUPPOSED ATTORNEY? WHY DID THE HIGHER 2DCA ACCEPT THAT I AM NOT REPRESENTED? WHY DID THE 2DCA GRANT A MOTION FROM ME IF A COURT WILL NOT DEAL WITH A DEFENDANT IF THEY ARE REPRESENTED? WHY DIDN'T 2DCA DISMISS WITH PREJUDICE FOR THE SAME REASONS IN THIS ORDER?

> WHAT COUNSEL DOES HE CLAIM I WAS REPRESENTED BY? WHEN? WHERE IS PROOF OF THAT REPRESENTATION AND ADVOCACY? HOW LONG DOES A TEMPORARY-ONLY APPOINTMENT LAST? HOW LONG MUST A DEFENDANT ENDURE INEFFECTIVE COUNSEL? CAN A COUNTY COURT JUDGE FAIRLY IGNORE A FLA. STAT. § 27.40(9) COMMUNICATION IN THE AUGUST 13, 2018-FILED EMERGENCY MOTION, EXHIBIT 6? OR WAIVER OF APPEARANCE?

101

# Third District Court of Appeal

## State of Florida

Opinion filed August 29, 2018.
Not final until disposition of timely filed motion for rehearing.

---

No. 3D18-1606
Lower Tribunal No. 98-3144B & 98-5013

---

**Derrick Tyrone Grantley,**

Petitioner,

vs.

**The State of Florida,**

Respondent.

> THIS DISTRICT COURT OF
> APPEAL *WITHIN FOUR
> MONTHS* ACTED TO GET
> THE TRIAL COURT TO RULE
> - NO BUSINESS ABOUT 'YOU
> ARE REPRESENTED' AND
> 'WE WILL NOT ENTERTAIN
> YOUR REQUEST'.

A Case of Original Jurisdiction – Mandamus.

Derrick Tyrone Grantley, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SUAREZ, SALTER, and SCALES, JJ.

SUAREZ, J.

We grant Derrick Tyrone Grantley's petition for writ of mandamus to compel the trial court to issue a written order on defendant's motion to dismiss appointed counsel filed May 9, 2018 in case numbers F98-3144B and F98-5013.

**11A**

As we are hopeful that the lower court will comply forthwith with the issuance of the requested order, we withhold issuance of the formal writ for thirty (30) days.

THIS IS THE TYPE OF ORDER I SHOULD HAVE RECEIVED!

11B

TRANSIENTS EXEMPT

282        BIENNIAL REPORT OF THE ATTORNEY GENERAL

MOTOR VEHICLES—REGISTRATION—NON-RESIDENTS

March 11, 1929.

*Dear Sir:*

Section 1293, Compiled Laws of 1927, provides that it shall not be necessary for a non-resident of this State to obtain registration of motor vehicles owned by him, provided that the owners shall have complied with the provisions of the Law of the State, from which he came relative to motor vehicles and the operation thereof, and shall conspicuously disply his registration number as required by such law.

A person who comes to Florida and engages in business in this State ceases to be within the purview of the foregoing section of the Statutes and, is required to obtain Florida registration of his motor vehicle, notwithstanding the fact that he may be already licensed in some other state.  The exemption of registration provided for by Section 1293, applies only to transients in Florida and, not to persons who engage in business in this State.  Such has been the construction and operation of the law since its enactment, and in view of the large number of other persons, who have complied with this interpretation of the same, a deviation therefrom, at this time without the authority of the Legislature, would be unwarranted.  I am, therefore, of the opinion that where a man owns and operates a saw mill in a county in this State, and uses motor vehicles in connection with his business being carried on in this State, that his cars used in connection with his Florida business should be registered in Florida, notwithstanding they are registered in Alabama, where such mill operator also conducts a business.

Yours very truly,

FRED H. DAVIS, Attorney General.

12

**MUST ENROLL IN A PAYMENT PLAN AND PAY AN "ADMINISTRATIVE FEE"!**

IN THE CIRCUIT/COUNTY COURT OF THE ------------------ JUDICIAL CIRCUIT
IN AND FOR -------------- COUNTY, FLORIDA

_____                    CASE NO._____
**Plaintiff/Petitioner or In the Interest Of**
**vs.**
_____
**Defendant/Respondent**

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence you must enroll in the clerk's office payment plan and pay a one-time administrative fee of $25.00. This fee shall not be charged for Dependency or Chapter 39 Termination of Parental Rights actions.

1. **I have _____ dependents.** *(Include only those persons you list on your U.S. Income tax return.)*
Are you Married?   Yes   No   Does your Spouse Work?...Yes   No   Annual Spouse Income?  $_____

2. **I have a net income of $_____** paid   weekly   every two weeks   semi-monthly   monthly   yearly   other
_____.
*(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)*

3. **I have other income** paid   weekly   every two weeks   semi-monthly   monthly   yearly   other _____.
*(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")*

| | | |
|---|---|---|
| Second Job .............................................Yes $ _____ No | Veterans' benefits....................................................Yes $ _____ No |
| Social Security benefits | Workers compensation............................................Yes $ _____ No |
|     For you......................................Yes $ _____ No | Income from absent family members ......................Yes $ _____ No |
|     For child(ren) ..........................Yes $ _____ No | Stocks/bonds...........................................................Yes $ _____ No |
| Unemployment compensation ...............Yes $ _____ No | Rental income..........................................................Yes $ _____ No |
| Union payments ...................................Yes $ _____ No | Dividends or interest................................................Yes $ _____ No |
| Retirement/pensions .............................Yes $ _____ No | Other kinds of income not on the list.....................Yes $ _____ No |
| Trusts ....................................................Yes $ _____ No | Gifts..........................................................................Yes $ _____ No |

I understand that I will be required to make payments for fees and costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** *(Circle "yes" and fill in the value of the property, otherwise circle "No")*

| | | |
|---|---|---|
| Cash.......................................................Yes $ _____ No | Savings account .......................................................Yes $ _____ No |
| Bank account(s) ....................................Yes $ _____ No | Stocks/bonds............................................................Yes $ _____ No |
| Certificates of deposit or | Homestead Real Property*.......................................Yes $ _____ No |
| money market accounts..........................Yes $ _____ No | Motor Vehicle*..........................................................Yes $ _____ No |
| Boats*....................................................Yes $ _____ No | Non-homestead real property/real estate* ..............Yes $ _____ No |

*show loans on these assets in paragraph 5

Check one: I   DO   DO NOT expect to receive more assets in the near future.  The asset is_____.

5. **I have total liabilities and debts of $_____** as follows:  Motor Vehicle $_____, Home $_____, Other Real Property $_____, Child Support paid direct  $_____, Credit Cards $_____, Medical Bills $_____, Cost of medicines (monthly) $_____,
Other $_____.    **They skipped an expenses section which is necessary.**

6. **I have a private lawyer in this case............ Yes No**

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information I have provided on this application is true and accurate to the best of my knowledge.**

Signed this _____ day of _____, 20____.

_____               _____               _____
**Date of Birth**                    **Driver's License or ID Number**        Signature of Applicant for Indigent Status
                                                                Print Full Legal Name _____
_____        Phone Number: _____
**Address, P O Address, Street, City, State, Zip Code**

13

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

STATE OF FLORIDA  vs.                                    CASE NO._____

_____
Defendant/Minor Child

### APPLICATION FOR CRIMINAL INDIGENT STATUS

**ONE OR THE OTHER; $50 FOR EACH.**

____ I AM SEEKING THE APPOINTMENT OF THE PUBLIC DEFENDER
OR
____ I HAVE A PRIVATE ATTORNEY OR AM SELF-REPRESENTED AND SEEK DETERMINATION OF INDIGENCE STATUS FOR COSTS

**Notice to Applicant:** The provision of a public defender/court appointed lawyer and costs/due process services are not free. A judgment and lien may be imposed against all real or personal property you own to pay for legal and other services provided on your behalf or on behalf of the person for whom you are making this application. **There is a $50.00 fee for each application filed.** If the application fee is not paid to the Clerk of the Court within 7 days, it will be added to any costs that may be assessed against you at the conclusion of this case. If you are a parent/guardian making this affidavit on behalf of a minor or tax-dependent adult, the information contained in this application must include your income and assets.

1. I have _____ dependents. *(Do not include children not living at home and do not include a working spouse or yourself.)*

2. I have a take home income of $_____ paid ( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly ( ) yearly
*(Take home income equals salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court ordered support payments)*

3. I have other income paid ( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly ( ) yearly: *(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No".)*
   Social Security benefits.........................Yes $_____ No       Veterans' benefit..............................Yes $_____ No
   Unemployment compensation...............Yes $_____ No       Child support or other regular support
   Union Funds.........................................Yes $_____ No          from family members/spouse.........Yes $_____ No
   Workers compensation..........................Yes $_____ No       Rental income...............................Yes $_____ No
   Retirement/pensions.............................Yes $_____ No       Dividends or interest.......................Yes $_____ No
   Trusts or gifts......................................Yes $_____ No       Other kinds of income not on the list......Yes $_____ No

4. I have other assets: *(Circle "yes" and fill in the value of the property, otherwise circle "No.")*
   Cash....................................................Yes $_____ No       Savings...........................................Yes $_____ No
   Bank account(s)....................................Yes $_____ No       Stocks/bonds...................................Yes $_____ No
   Certificates of deposit or                                                             *Equity in Real estate (excluding homestead) Yes $_____ No
      money market accounts.................Yes $_____ No          *include expectancy of an interest in such property
   *Equity in Motor vehicles/Boats/.............Yes $_____ No
      Other tangible property

5. I have a total amount of liabilities and debts in the amount of $_____ ..       **THIS IS IT FOR THE EXPENSES SECTION AS WELL.**

6. I receive: *(Circle "Yes" or "No.")*
   Temporary Assistance for Needy Families-Cash Assistance........................................................................       Yes  No
   Poverty- related veterans' benefits.............................................................................................................       Yes  No
   Supplemental Security Income (SSI)...........................................................................................................       Yes  No

7. I have been released on bail in the amount of $_____.   Cash _____ Surety _____       Posted by: Self _____ Family _____ Other _____

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 27.52, F.S. commits a misdemeanor of the first degree, punishable as provided in s. 775.082, F.S. or s. 775.083, F.S. **I attest that the information I have provided on this Application is true and accurate to the best of my knowledge.**

**FAIR WARNING IS DUE ABOUT THIS BUT NOT PROVIDED!**

Signed this _____ day of _____, 20_____.       **DISCHARGING A PUBLIC DEFENDER ATTORNEY SHOULD BE AS EASY AS DISCHARGING A PRIVATE ATTORNEY UNDER EQUAL PROTECTION CLAUSE.**

Date of Birth _____       _____
                                        Signature of applicant for indigent status
Driver's license or ID number_____       Print full legal name _____
                                                     Address _____
                                                     City, State, Zip _____
                                                     Phone number _____

#### CLERK'S DETERMINATION

14

_____Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent

_____The Public Defender is hereby appointed to the case listed above until relieved by the Court.

**A TEMPORARY ORDER DOESN'T EXPIRE?**

Dated this _____ day of _____, 20 _____.   _____
                                                                    Clerk of the Circuit Court

                                                                    _____
      This form was completed with the assistance of               Clerk/Deputy Clerk/Other authorized person

**APPLICANTS FOUND NOT INDIGENT MAY SEEK REVIEW BY ASKING FOR A HEARING TIME. Sign here if you want the judge to review the clerk's decision of not indigent.** _____

Developed by the Florida Clerks of Court Operations Corporation                     Approved by the Florida Supreme Court on 03/19/09

THE SUPREME COURT OF THE UNITED STATES DOES **NOT** INSTEAD CALL THIS AN "APPLICATION" AND ASSESS AN "APPLICATION FEE" PAYABLE BEFORE FINAL DISPOSITION! THERE IS NO FORCED ENROLLMENT INTO A PAYMENT PLAN. THERE IS NO ADMINISTRATIVE FEE.

## AFFIDAVIT OR DECLARATION
### IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, _____ , am the petitioner in the above-entitled case.   In support of my motion to proceed *in forma pauperis,* I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.  Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.   Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $_____ | $_____ | $_____ | $_____ |
| Self-employment | $_____ | $_____ | $_____ | $_____ |
| Income from real property (such as rental income) | $_____ | $_____ | $_____ | $_____ |
| Interest and dividends | $_____ | $_____ | $_____ | $_____ |
| Gifts | $_____ | $_____ | $_____ | $_____ |
| Alimony | $_____ | $_____ | $_____ | $_____ |
| Child Support | $_____ | $_____ | $_____ | $_____ |
| Retirement (such as social security, pensions, annuities, insurance) | $_____ | $_____ | $_____ | $_____ |
| Disability (such as social security, insurance payments) | $_____ | $_____ | $_____ | $_____ |
| Unemployment payments | $_____ | $_____ | $_____ | $_____ |
| Public-assistance (such as welfare) | $_____ | $_____ | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ | $_____ | $_____ |
| **Total monthly income:** | $_____ | $_____ | $_____ | $_____ |

15A

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

4. How much cash do you and your spouse have? $_____
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Type of account (e.g., checking or savings) | Amount you have | Amount your spouse has |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

5. List the assets, and their values, which you own or your spouse owns.   Do not list clothing and ordinary household furnishings.

☐ Home
   Value _____

☐ Other real estate
   Value _____

☐ Motor Vehicle #1
   Year, make & model _____
   Value _____

☐ Motor Vehicle #2
   Year, make & model _____
   Value _____

☐ Other assets
   Description _____
   Value _____

**15B**

NOTE THE EXTENSIVE EXPENSES SECTION STARTING ON THIS PAGE ENABLING THE COURT TO CONSIDER EXPENSES FOR THE 'NECESSITIES OF LIFE'.

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.   For minor children, list initials instead of names (e.g. "J.S." instead of "John Smith").

| Name | Relationship | Age |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.   Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $_____ | $_____ |
| Are real estate taxes included?   ☐ Yes   ☐ No | | |
| Is property insurance included?   ☐ Yes   ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $_____ | $_____ |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $_____ |
| Clothing | $_____ | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $_____ | $_____ |

15C

|  | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $_____ | $_____ |
| Recreation, entertainment, newspapers, magazines, etc. | $_____ | $_____ |

Insurance (not deducted from wages or included in mortgage payments)

|  | You | Your spouse |
|---|---|---|
| Homeowner's or renter's | $_____ | $_____ |
| Life | $_____ | $_____ |
| Health | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |

Taxes (not deducted from wages or included in mortgage payments)

|  | You | Your spouse |
|---|---|---|
| (specify): _____ | $_____ | $_____ |

Installment payments

|  | You | Your spouse |
|---|---|---|
| Motor Vehicle | $_____ | $_____ |
| Credit card(s) | $_____ | $_____ |
| Department store(s) | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |
| Alimony, maintenance, and support paid to others | $_____ | $_____ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ |
| **Total monthly expenses:** | $_____ | $_____ |

**15D**

NOTE NUMBERS 9 AND 12 ON THIS PAGE GIVE THE COURT A
CHANCE TO CONSIDER CIRCUMSTANCES THAT MAY AS WELL
BE CONSIDERED A 'NECESSITY OF LIFE' AND THEREBY
WARRANT APPROVAL.

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes   ☐ No      If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes    ☐ No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes      ☐ No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ , 20____

_____
(Signature)

I DOUBT THE U.S. SUPREME COURT PUBLISHES
SUBMISSIONS OF THIS FORM ON THE INTERNET

15E

CAN AN IN-PERSON FLORIDA STYLE *FARETTA* INQUIRY BE DEMANDED OF A DEFENDANT (THAT HAS THE RIGHT TO REMAIN SILENT) THAT HAS KNOWINGLY AND INTELLIGENTLY ELECTED TO SELF-REPRESENT (AS SHOWN ON THE AUGUST 13, 2018-FILED EMERGENCY MOTION) WITH NO ATTORNEY FORMALLY ENTERED INTO THE TRAFFIC CASES?

four attorneys have said county court judge can have me arrested and held indefinitely for more than I can afford if I appear to have the court date reset or motions ruled on not fair if capias not lawfully issued

Pinellas County Court
Judge Kominos
won't rule
claims my presence is required
appearance has been waived

CAN A SECOND DEGREE MISDEMEANOR DEFENDANT LICENSED OUT-OF-STATE LAWFULLY BE DEPRIVED OF THEIR FREEDOM FOR ADA-COVERED MISS OF (SIXTH) PRE-TRIAL APPEARANCE (FIRST IN TRIAL COURT THAT TRIES ALLEGED OFFENSE/S) WHEN DEFENDANT WAS DETAINED AND REQUIRED TO SIGN PLEA/NOTICE TO APPEAR WITH NO COURT DATE AND TIME AND NO WARNING THAT THEY COULD IN FACT WAIVE APPEARANCE/CAPIAS CONSEQUENCES?
IS THAT DUE PROCESS?

Second District Court of Appeal
let the circuit court have it

Sixth Circuit Court
claims I am represented
claims I am a fugitive as in
civil forfeiture cases

478 day delay by Clerk Ken Burke in assigning circuit court case number in obeyance of 2DCA order to transfer that should have been done the day the order was received with a zero day delay

Pinellas Public defender
admitted cases not assigned an attorney

16

## FEDERAL CONSTITUTIONAL VIOLATIONS IN PINELLAS COUNTY AND COURTS

- Pinellas County law enforcement provided Fla. R. Crim. P. 3.125(d)-sworn "copies" of citation to clerk different in court date and court time from defendant copy (Exhibit 1)
- capias based on the above deficient citation
- capias based on any citation that does not show the court that tries the alleged offense
- citations do not show trial court that can handle any plea
  defendants required to attend guilty/no contest court before transfer to court that can handle not guilty pleas
- the separation of guilty/no contest court from a court that can handle any plea
- penalties for Fla. Stat. § 320.02(1) are excessive and out-of-line with the nature of the offense
- bond for Fla. Stat. § 320.02(1) is excessive and out-of-line with the nature of the offense (Exhibit 4)
- excessive punishments out of line for an alleged offense and compared to other states
- assessing a fee for missing a court date is excessive (Exhibit 5)
- attempting to collect on a fee assessed for missing a court date before final disposition (Exhibits 5, 14)
- enforcing Fla. Stat. § 320.02(1) against out-of-state driver/s and against transients (Exhibit 1A, 12)
- prosecuting Fla. Stat. § 320.02(1) against out-of-state driver/s and against transients (Exhibits 1B, 2, 4, 5, 12)
- defendants are allowed to proceed without warning of when discovery and motion to dismiss deadlines are
- state policy of not chatting with unrepresented defendants before court as they do with represented defendants' attorneys
- charging a fee to apply for a determination of indigent - the U.S. Supreme Court does no such thing, likely for very good reason (Exhibits 13, 14, 15)
- unequal "sit time" with a pre-filled guilty and not guilty plea form (Exhibit 2)
- not being allowed to leave with the pre-filled guilty form to keep
- requiring defendant to sign to greater than statutory maximum penalties (Exhibit 2A)
- the combination form (Exhibit 2)
- the combination form - exchanging an agreement to capias consequences for acceptance of a plea (Exhibit 2)
- second degree misdemeanor defendants detained for a required signature to capias consequences in pre-trial proceedings before freed to leave the courtroom (Exhibit 2B)
- issuing automatic capias based on the signed combination form with no court date or court time on it (Exhibits 2B, 4)
- requiring defendant personal appearance when appearance was waived (Exhibit 6)
- not notifying defendant that they can waive their appearance and still appear in court thus bypassing capias (Exhibit 2B)

17A

- ➢ not allowing defendant to make their own decision regarding jury trial (Exhibit 2A)
- ➢ issuing a provisional order stating the application was under review when it was not (Exhibit 3)
- ➢ expecting all - defendants, bailiffs, prosecutors, public defender attorneys and elected official, judges, etc. to just go along with the constitutional violations
- ➢ the defendants (most), bailiffs, prosecutors, public defender attorneys and elected official, judges, etc. just going along with the constitutional violations
- ➢ not excusing a missed court date and resetting it as an ADA accommodation (Exhibit 6)
- ➢ failure to respond to defendant's request for telephonic appearance
- ➢ defendants regardless of intended plea required to sit with a pre-filled with their information guilty plea form
- ➢ attorneys with Sixth Judicial Circuit Public Defender excused from officially entering and withdrawing from cases in the cases thus showing everybody - including defendant - who is responsible and accountable for the case
- ➢ failure to warn and educate defendants of perils of ineffective assistance and that it is much harder to discharge a public defender attorney and that an in-person Florida style *Faretta* inquiry is required of those said to be represented by the "Public Defender" but **not** required of those discharging private attorneys and self-representing when inquiring of defendant if they would like assistance of counsel
- ➢ public defenders not being held to the same accountability as private attorneys
- ➢ the Florida-style *Faretta* inquiry
- ➢ requiring a Florida-style *Faretta* inquiry when the U.S. Supreme Court only mentions "should" not "must" or "shall"
- ➢ a provisional order that does not expire if the application and fee are not submitted (Exhibit 3)
- ➢ prosecuting a citation with no court date and time on defendant copy (Exhibit 1A)
- ➢ prosecuting citations with no trial court that can try the offense shown on the citations (Exhibits 1A & 1B)
- ➢ that a defendant can be considered represented if there is no attorney assigned to their cases! (Exhibit 10)
- ➢ that the Sixth Judicial Circuit Public Defender or public defender "office" can be considered to have a case unless an accountable attorney is assigned and entered into the case agreed to by the defendant
- ➢ the Sixth Judicial Circuit Public Defender acting as if representing a defendant that has not submitted a state law required counsel application or fee (Exhibit 3)
- ➢ the Sixth Judicial Circuit Public Defender failing to act to set the record straight
- ➢ that the Sixth Judicial Circuit Public Defender can keep a defendant from self-representing (Exhibit 3)
- ➢ defendants cannot as freely discharge public defender attorney as defendant can discharge private attorney
- ➢ Sixth Judicial Circuit Public Defender fails to communicate with defendant in writing
- ➢ being assessed a fee for missing a court date whether for good cause or not (Exhibit 5)

17B

- publishing on the internet that defendant is delinquent (Exhibit 5)
- declaring delinquent on the day an alleged debt is incurred (Exhibit 5)
- defendants regardless of intended plea required to sit with a pre-filled with their information guilty plea form
- requiring second degree misdemeanor defendant to agree to capias consequences (Exhibit 2)
- requiring second degree misdemeanor out-of-state defendant to agree to capias consequences
- represented cases get to first, and even appointed counsel is to be paid for, therefore for price a defendant can advance their place before the judge and lessen their time in court and reduce their time seated on an uncomfortably hard bench
- requiring costs of defendant in case before final disposition (Exhibits 5, 14)
- delay of 478 days from receiving an order from the Second District Court of Appeal and acting on that order to assign a circuit court case number - what should have been a same-day-of-receiving-the-order event (Exhibits 8 & 9)
- failing to rule on motions for years (Exhibits 6, 7)
- Pinellas County court and circuit forms (Exhibits 2, 3, 4, 9)
- talking fast like an auctioneer between the judge and the ASA in open court about the defendant's charges so that a native english speaking-defendant cannot easily keep up with what is going on and how it affects them and their rights
- if it can be said the Sixth Judicial Circuit Public Defender was representing me, ineffective assistance of counsel
- Sixth Judicial Circuit Public Defender interfering with progress of these traffic cases (Exhibits 6 & 10)
- requiring defendant to sign to that they are ready to go to trial at the next *pre-trial* appearance (Exhibit 2B)
- giving the impression that a defendant must make a selection regarding a court reporter for trial at the time of plea on a not guilty plea form (Exhibit 2A)
- all three courts and the public defender kept me from self-representing (Exhibits 4, 6, 8, 10) (4 courts if counted as 2DCA, circuit, north county, main county)
- entrance to the court restricted by law enforcement to those having a case when it should be public

17C

VIOLATIVE AT LEAST OF

[1]  DUE PROCESS
[2]  EQUAL PROTECTION
[3]  PRIVILEGES AND IMMUNITIES
[4]  ACCESS TO COURTS
[5]  CRUEL AND UNUSUAL
[6]  FREEDOM OF MOVEMENT
[7]  AMENDMENT VIII EXCESS BOND
[8]  AMENDMENT VIII EXCESS FEE

17D